<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SYED M. HUSSAIN, | ) |
| Appellant, | ) |
| v. | ) Civil Action No. 11-03357 (GEB) |
| BARRY FROST, | ) **MEMORANDUM OPINION** |
| Appellee. | ) |

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon appellant Syed M. Hussain's ("Appellant") appeal of the May 11, 2011 Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). This Court, exercising jurisdiction pursuant to 28 U.S.C. § 158(a), and having considered the parties' submissions and decided the appeal without oral argument, and for the reasons set forth in this Memorandum Opinion, will deny Appellant's appeal.

**I.    BACKGROUND**

On October 25, 1999, Appellant filed a voluntary bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code. On August 15, 2000, the bankruptcy proceeding was converted to a Chapter 7 case and Robert Wood was terminated as Trustee. On August 17, 2000, the Bankruptcy Court entered an order stating, in pertinent part, that "John F. Bracaglia, Attorney for Debtor, shall refund retainer of $1,500.00 to Chapter 7 Trustee and pay all funds in trust account to Chapter 7 Trustee." On August 23, 2000, appellee Barry W. Frost ("Trustee") was appointed as the interim Chapter 7 Trustee.

On or about April 8, 2011, Appellant filed a Notice of Motion with the Bankruptcy Court

with respect to allegedly missing funds in the amount of $31068.10, resulting from a $1500 retainer and 10 monthly payments of $2956.81 paid to Mr. Bracaglia.  On May 9, 2011, the Bankruptcy Court held a hearing on Appellant's motion addressing the amounts in Mr. Bracaglia's trust account.  On May 11, 2011, the Bankruptcy Court entered an order denying Appellant's motion as to funds allegedly missing from the Trustee's final accounting statement and granting the Trustee's cross-motion to close the case.

On or about May 24, 2011, Appellant filed a notice of appeal with the Bankruptcy Court, which this Court received on June 10, 2011. (Doc. No. 1).

## II.   DISCUSSION

### A.   Standard of Review

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*. *Id.*  Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal. *Id.*

### B. The Bankruptcy Court's Findings of Fact Were Not Clearly Erroneous

Appellant's appeal centers on the funds ordered by the Bankruptcy Court to be paid to the Trustee pursuant to the August 17, 2000 Order. Appellant specifically notes an escrow balance of $3,493.55 that is unaccounted for by the Trustee; $10,000 of unaccounted for funds from a $14,076.55 amount paid by Mr. Bracaglia to Appellant's subsequent counsel; and $6,387.32 paid by Mr. Bracaglia to LaSalle National Bank, resulting in a sum of $23,957.42. (Appellant's Br. at 2-3).

First, as to the escrow balance of $3,493.55, Appellant argues that the amount is unaccounted for by Trustee Robert Wood. Mr. Wood, however, was the Chapter 13 Trustee and had been dead for nearly ten years at the time of the May 9, 2011 hearing. (Doc. No. 5 at 4). Without the benefit of his records, the Bankruptcy Court's finding as to the $3,493.55 check paid by Mr. Bracaglia to Mr. Wood was that Mr. Wood handled the money properly in light of his meticulous nature before the court. (*Id.* at 5). Because Appellant's argument challenges the Bankruptcy Court's finding of facts, the findings are reviewed for clear error. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citation omitted). It is rather unclear from the record what happened to the money paid to Mr. Wood because, as the Bankruptcy Court noted, his records were not available and Mr. Wood is deceased. Consequently, this Court cannot say that a mistake has been committed and therefore the finding is not clearly erroneous. *See Nedmac Assocs., Inc. v. City of Camden*, 38 Fed. App'x 835, 839 (3d Cir. 2002).

Next, as to the alleged $10,000 discrepancy, at the May 9, 2011 hearing, the Bankruptcy

Court found that Mr. Bracaglia's ledger showed a payment of $14,076.55 to Ms. Ennis on July 28, 2000 and the Trustee's cash receipts and disbursements record showed the receipt of $14,076.55 from Ms. Ennis on October 11, 2000. (Doc. No. 5 at 3-4).  The Bankruptcy Court found that the apparent $10,000 difference merely resulted from a "1" digit that was obscured by the lines of the graph paper in Mr. Bracaglia's ledger and Appellant seemingly agreed with this finding. (Doc. No. 5 at 3-4).  Consequently, it does not appear that these funds are "unaccounted for" or that the Bankruptcy Court's finding here is clearly erroneous.

Finally, as to the $6,387.32 payment to LaSalle National Bank, the Bankruptcy Court noted the disbursement on Mr. Bracaglia's ledger sheet and found that the check had apparently cleared.  (Doc. No. 5 at 4).  On appeal, Appellant merely argues that his request for details of this payment and the cancelled check has been ignored by Mr. Bracaglia. (Appellant's Br. at 3).  The Court finds no clear error with respect to the Bankruptcy Court's finding here nor any merit to Appellant's appeal on this point.

### III. CONCLUSION

For the reasons stated herein, Appellant's appeal is denied and the May 11, 2011 Order of the Bankruptcy Court is affirmed.

Dated: August 24, 2011

        /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.